UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| CONNIE TROTTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:12CV36 HEA |
| | ) | |
| CAROLYN W. COLVIN,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's request for judicial review under 28 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq* and Supplemental Security Income (SSI) under Title XVI, 42 U.S.C. §1381, *et seq*. For the reasons set forth below, the Court affirms the Commissioner's denial of Plaintiff's applications.

### Facts and Background

Plaintiff was 51 years old at the time of the hearing, on November 21, 2011. She was living alone in a duplex at the time of the hearing. Plaintiff has a GED

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

and some college education. Plaintiff appears to have no limited employment history as a die cast operator or fast food clerk but has applied for employment in the past. The ALJ found Plaintiff had the severe impairments of; major depressive disorder, chronic obstructive pulmonary disease, status post lung resection, coronary artery disease, degenerative disc disease, obesity and right hand dystonia.

At the November 21, 2011 hearing, Plaintiff testified that she lives by herself. Plaintiff testified that whatever household chores are required to be done are performed by her alone, although a charitable entity has provided some household tools for her use. She suffers from anxiety, or panic attacks. Plaintiff also testified that she is treated for depression at Options Unlimited in Mexico, Missouri. She also testified that she has a ruptured disc. There is also some burning, sharp pain in her hands and feet likely attributable to her diabetes. She has had surgery in the nature of lung resection. Plaintiff testified that she sometimes experiences shortness of breath and must stop to rest when walking , dependent on how fast she is walking.

A vocational expert also testified. The VE testified that Plaintiff could perform work that is limited to light exertional and unskilled level. The Plaintiff cannot perform any past relevant work which was as a die cast operator or fast food clerk.

Plaintiff's application for social security and supplemental security income

benefits under Titles II, 42 U.S.C. §§ 401, *et seq.*, and XVI of the Act, 42 U.S.C. § 1381, *et seq.*, was denied on March 23, 2011. On February 16, 2012, the ALJ issued an unfavorable decision. On March 19, 2012, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

## Standard For Determining Disability

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); see also *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a),

416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a) (4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a) (1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by

comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id*. At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id*.; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

## ALJ's Decision

Applying the foregoing five-step analysis, the ALJ in this case determined at Step One that Plaintiff had not engaged in substantial gainful activity since October 5, 2010, the application date. At Step Two, the ALJ found that Plaintiff had the following severe impairments: major depressive disorder, chronic

obstructive pulmonary disease, status-post lung resection, coronary artery disease, degenerative disc didease, obesity, and right hand dystonia. At Step Three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that met or equaled in severity of any impairment listed in 20 CFR Part 404, Subpart P, Appendix 1, (20CFR 416.920(d), 416.925, 416.926.

Prior to Step Four, the ALJ found that Plaintiff had residual functional capacity to perform light work. Plaintiff can lift and carry 20 pounds occasionally and ten pounds frequently. She can stand for six hours out of an eight hour day, but limited to walking other places in the workplace no more than fifteen minutes at a time and no more than two hours total in an eight hour day. She can sit for six hours out of an eight hour day. She can push and pull using only her dominant upper extremity. Plaintiff can occasionally climd but never using ropes, ladders, or scaffolds. She can occasionally stoop, kneel, crouch, and crawl. She can handle and finger using only her dominate upper extremity. She can use her nondominate extremity to assist with holding objects. She must avoid concentrated exposure to smoke, fumes, dust, and gases, and must avoid hazards such as dangerous machinery and unprotected heights. She can understand, remember, carry oout nonidetailed two to three step instructions. She can perform repetitive tasks at a routine work setting with few changes. Occasionally she can

6

interact with coworkers or the public when occasionally is defined as no more than cumulatively one third of the workday and superficial in nature.

At Step Four, the ALJ determined that Plaintiff is unable to perform past relevant work.

At Step Five the ALJ considered the age of the Plaintiff, her education, work experience and her residual functional capacity and concluded that there were jobs in the national economy that Plaintiff could perform. In support of this conclusion, the VE testified in this regard that Plaintiff could work in the capacity of a mail clerk (1800 jobs in Missouri), router (2,000 jobs in Missouri), or price marker (2,050 jobs in Missouri).

**Standard For Judicial Review**

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports

the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Id.* However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)). The Court should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006).

## Discussion

In her appeal of the Commissioner's decision, Plaintiff makes the following arguments: (1) Plaintiff asserts the ALJ erred by rejecting the opinion of the social worker that it would be very difficult if not impossible for Plaintiff to concentrate 90 percent of an eight-hour workday as a result of her anxiety; (2) The Plaintiff also asserts the ALJ did not properly determine Plaintiff could perform other work.

8

**RFC and Medical Evidence**

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue,* 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

Here, the ALJ considered Plaintiffs impairments and did determine that Plaintiff can lift and carry 20 pounds occasionally and ten pounds frequently. She can stand for six hours out of an eight hour day, but limited to walking other places in the workplace no more than fifteen minutes at a time and no more than two hours total in an eight hour day. She can sit for six hours out of an eight hour

9

day. She can push and pull using only her dominant upper extremity. Plaintiff can occasionally climb but never using ropes, ladders, or scaffolds. She can occasionally stoop, kneel, crouch, and crawl. She can handle and finger using only her dominate upper extremity. She can use her non-dominate extremity to assist with holding objects. She must avoid concentrated exposure to smoke, fumes, dust, and gases, and must avoid hazards such as dangerous machinery and unprotected heights. She can understand, remember, carry out non-detailed two to three step instructions. She can perform repetitive tasks at a routine work setting with few changes. Occasionally she can interact with coworkers or the public when occasionally is defined as no more than cumulatively one third of the workday and superficial in nature.

    The ALJ determined Plaintiff's RFC based upon all of the relevant evidence, including medical records, observations of treating physicians, and her description of her limitations and the ALJ properly rejected the opinion of Plaintiff's social worker and included only those mental limitations he found to be supported by the record in his RFC determination. While not an acceptable medical source, the ALJ properly evaluated the social worker's opinion as another source of medical information (Tr. 16). See 20 C.F.R. §§ 416.913, 416.927. The ALJ gave no weight to her opinion because she was "making assertions of the

10

Plaintif's functional capacity well beyond her expertise" (Tr. 16). Additional evidence supports the ALJ's determination of Plaintiff's credible mental limitations. Psychiatric treatment notes from October 2009 to September 2010 indicate that Plaintiff was pleasant, and a treating nurse practitioner noted that Plaintiff was doing much better when she was on her medication (Tr. 16, 272-73, 276, 279). These treatment notes also set forth global assessment of functioning (GAF)[2] values from 55 to 65 consistent with only mild to moderate symptoms (Tr. 16, 272-74, 276-79). February 2011 treatment notes from East Central Missouri Behavioral Health Services indicated that Plaintiff's speech, affect, and thought content were normal, and her flow of thought was logical (Tr. 16, 722).

When Plaintiff was admitted to the hospital for three days of psychiatric care in March 2011 due to erratic behavior and attacking her husband, she improved quickly with treatment and upon being discharged demonstrated a bright affect, linear and goal-directed thoughts, considerably improved mood, and fair insight and judgment (Tr. 16, 809-11, 831-35). During her hospitalization, her

---

[2] A Global Assessment of Functioning (GAF) is the clinician's judgment of the individual's overall level of functioning, not including impairments due to physical or environmental limitations. American Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders (DSM-IV-TR) 30-32 (4th Ed. Text Revision 2000). A GAF score of 51 to 60 indicates "moderate symptoms . . . or moderate difficulty in social, occupational, or school functioning." A GAF score of 61 to 70 indicates "some mild symptoms . . . or some difficulty in social, occupational, or school functioning. . . but generally functioning pretty well." Diagnostic and Statistical Manual of Mental Disorders (DSM-IV-TR) 34 (4th Ed. Text Revision 2000).

doctors also noted that noncompliance with treatment complicated her mental problems (Tr. 809-10, 831). "If an impairment can be controlled by treatment or medication, it cannot be considered disabling." *Brown v. Astrue*, 611 F.3d 941, 955 (8th Cir. 2010) quoting *Brace v. Astrue*, 578 F.3d 882, 885 (8th Cir. 2009).

The ALJ gave some weight to findings of the state agency psychologist, Alan Aram, Psy.D., who based his findings on his review of the evidence (Tr. 17, 686-700). Dr. Aram's findings further support the ALJ's RFC determination (Tr. 696-700). Findings of fact made by State agency medical and psychological consultants and other program physicians and psychologists regarding the nature and severity of an individual's impairments(s).

The ALJ properly evaluated the entire record including the opinion of Plaintiff's social worker. The ALJ properly rejected her opinion and set forth supportable reasons for doing so. The ALJ adequately accounted for Plaintiff's credible limitations including her moderate limitations of concentration, persistence, and pace by including limitations to in her RFC limiting her to non-detailed two and tree step instructions, repetitive tasks in a routine work setting with few changes, and only occasional interaction with others (Tr. 14). As required by *McCoy v. Astrue*, 648 F.3d 605 (8th Cir. 2011); *Pearsall v. Massanari*, 274 F.3d 1211 (8th Cir. 2001); and *Anderson v. Shalala*, 51 F.3d. 777 (8th Cir.

1995), the ALJ articulated the basis for the weight given the evidence of the record and concluded Plaintiff had the RFC to perform light work. In so finding, the ALJ considered the entire record including Plaintiff's complaints and the testimony of the social worker. His conclusion was based upon substantial evidence on the record as a whole.

Plaintiff relies heavily upon *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984) in her assertion of deficiencies in the decision making process of the ALJ relating to credibility. The Eighth Circuit has never ruled that the ALJ must discuss every *Polaski* factor. The ALJ only needs to acknowledge and consider those factors before discounting subjective complaints. *Samons v. Apfel*, 497 F.3d 813 (8th Cir. 2007); *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004). Here, the ALJ properly weighed, considered, and applied the standards.

As to the issue of whether the ALJ did not properly determine Plaintiff could perform other work, after determining Plaintiff's RFC, the ALJ found that it prevented the performance of her past relevant work (Tr. 17). The ALJ, therefore, acknowledged that the burden shifted to the Commissioner to produce evidence of other work existing in significant numbers in the national economy that Plaintiff could perform based on her age, education, work experience, and RFC (Tr. 17). To meet the Commissioner's burden, the ALJ utilized a vocational expert (Tr. 18,

52). In response to a hypothetical question based on an individual of Plaintiff's age, education, work background, and RFC, the vocational expert testified that such an individual could perform work existing in significant numbers including the unskilled jobs of mail clerk, router, and price marker (Tr. 18, 52-54). Although the hypothetical question must set forth with reasonable precision the claimant's impairments, it need only include those impairments and limitations the ALJ finds are substantially supported by the record as a whole. See *Lacroix v. Barnhart*, 465 F.3d 881, 889 (8th Cir. 2006). Because the hypothetical question included those impairments the ALJ found credible, and excluded those he discredited for legally sufficient reasons, the vocational expert's testimony that Plaintiff could perform work existing in significant numbers was substantial evidence in support of the ALJ's determination. *See, Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011); *Gragg v. Astrue*, 615 F.3d 932, 941 (8th Cir. 2010).

The ALJ's findings were clearly based upon the record as a whole. The ALJ summarized testimony regarding Plaintiff's limitations, the notes regarding her impairments, the medical opinions in the record, Plaintiff's representations in , and the ALJ's specific credibility findings. The ALJ applied the proper standard to the facts before him and his determination of Plaintiff's RFC is supported by the record as a whole.

## **Conclusion**

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. The decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is affirmed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 9th day of February, 2014.

_____
   HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE